No. 14-1691

# United States Court of Appeals
# For the First Circuit

IN RE: ROBERT E. MURPHY
Debtor

---

ROBERT E. MURPHY
Appellant

v.

US DEPARTMENT OF EDUCATION;
EDUCATIONAL CREDIT MANAGEMENT CORPORATION
Appellees

SALLIE MAE, INC.; COLLEGE BOARD
Interested Parties

## JOINT MOTION TO DISMISS APPEAL

Dated: June 6, 2016

Appellant Robert E. Murphy ("Murphy" or "Appellant") and Appellee Educational Credit Management Corporation ("ECMC" or "Appellee," and together with Murphy, the "Parties"), by and through their undersigned counsel, and in accordance with Rule 42(b) of the Federal Rules of Appellate Procedure ("F.R. App. P."), Rule 42(b) of the Federal Rules of Appellate Procedure of the United States Court of Appeals for the First Circuit (the "Local Rules"), Rule 7041 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 41 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), hereby submit this joint motion to dismiss (this "Motion to Dismiss") Appellant's Appeal to this Court of the underlying Adversary Proceeding (each as defined below). On May 13, 2016, the United States Bankruptcy Court for the District of Massachusetts (Eastern Division) (the "Bankruptcy Court") issued an Order entering the Parties' Agreement for Judgment with respect to the Adversary Proceeding. The Parties therefore request that this Court dismiss the Appeal with prejudice. For the Court's convenience, attached hereto as **Exhibit A** is the Parties' joint agreement for dismissal (the "Joint Agreement for Dismissal"), and a proposed Order dismissing the Appeal (the "Order for Dismissal") is also attached hereto as **Exhibit B**. In support of this Motion to Dismiss, the Parties respectfully state as follows:

## JURISDICTION

1. This Court has jurisdiction over this Motion to Dismiss pursuant to 28 U.S.C. §§ 158(d)(1).

2. The statutory predicates for the relief sought herein are Section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), F.R. App. P. 42(b), Local Rule 42(b), Bankruptcy Rule 7041, and Fed. R. Civ. P. 41(a)(1)(A)(ii).

## BACKGROUND

3. On September 26, 2011 (the "Petition Date"), Appellant filed in the Bankruptcy Court a voluntary bankruptcy petition under chapter 7 of the Bankruptcy Code (Case No. 11-19098-FJB).

4. On January 9, 2012, Appellant commenced an adversary proceeding in the Bankruptcy Court (adversary proceeding No. 12-01003) (the "Adversary Proceeding") against United Student Aid Funds, Inc. ("USAF") and nine other defendants, whereby Appellant asserted a right to discharge in bankruptcy certain of Appellant's educational loan obligations (collectively, the "Student Loans") pursuant to Bankruptcy Code Section 523(a)(8). On January 30, 2012, ECMC intervened and was substituted for USAF, and on February 28, 2012, all of Appellant's Student Loans were transferred and assigned from USAF to ECMC. ECMC currently holds all right, title and interest in the promissory notes evidencing all of Appellant's Student Loans.

5.  By final order dated February 20, 2013, the Bankruptcy Court denied discharge of the Student Loans under Bankruptcy Code Section 523(a)(8) (the "Bankruptcy Court Decision"). Pursuant to 28 U.S.C. §158(a)(1), on May 2, 2013 the Bankruptcy Court Decision was appealed to the United States Bankruptcy Appellate Panel for the First Circuit ("BAP"). On May 14, 2013, Appellee filed an election to proceed in the United States District Court for the District of Massachusetts (the "District Court") and the BAP entered an order approving the election and transfer of the matter to the District Court. On May 21, 2014, the District Court entered final judgment affirming the Bankruptcy Court Decision. Pursuant to 28 U.S.C. §158(d)(1), on June 23, 2014, the Bankruptcy Court Decision was appealed to the United States Court of Appeals for the First Circuit (this "Court," and Appellant's appeal, the "Appeal").

6.  After briefing was submitted by the Parties, the Court heard oral argument on December 10, 2015, on the issue of whether the Student Loans should be dischargeable in bankruptcy as constituting an "undue hardship" under Bankruptcy Code Section 523(a)(8). Thereafter, pursuant to Local Rule 33.0, the Court assigned the matter to the Civil Appeals Management Program, and Judge King was appointed Settlement Counsel in order to explore whether the Parties could reach a consensual resolution of the Adversary Proceeding. The Parties filed

3

an initial joint status report on February 26, 2016, and a second joint status report on March 31, 2016.

7. On April 11, 2016, the Parties agreed to a resolution of this Appeal by the execution of a stipulated agreement for judgment (the "Agreement for Judgment") that: (i) reflects ECMC's acknowledgement that repayment of Appellant's Student Loans constitutes an "undue hardship" under Bankruptcy Code Section 523(a)(8); (ii) provides for the discharge of all of the Student Loans pursuant to Bankruptcy Code Section 523(a)(8); and (iii) otherwise resolves all issues outstanding between the Parties with respect to the Adversary Proceeding and the Appeal.

8. On April 12, 2016, the Parties filed with the Court a *Joint Motion for Entry of an Order Remanding Adversary Proceeding to Bankruptcy Court in Order to Enter Agreement for Judgment* (the "Motion for Remand"). In the Motion for Remand, the Parties agreed that "[u]pon Bankruptcy Court approval of the Agreement for Judgment, the Parties shall jointly file with this Court a stipulation of dismissal of the Appeal."

9. On April 13, 2016, the Court granted the Motion for Remand and instructed the Parties to "file a status report every 60 days and promptly inform this court when the bankruptcy court acts."

10. On April 18, 2016, the Parties filed with the Bankruptcy Court a *Motion for Entry of Judgment*, which sought Bankruptcy Court approval of the Agreement for Judgment.

11. On May 13, 2016, the Bankruptcy Court issued an Order approving the Agreement for Judgment (the "Bankruptcy Court Order," attached hereto as **Exhibit C**). The Bankruptcy Court Order provides in relevant part that "[t]he Court will enter the agreed judgment in Adversary Proceeding #12-1003. Entry of the agreed judgment will vacate this Court's prior judgment issued in said adversary proceeding on April 24, 2013."

12. Through this Motion to Dismiss, the Parties respectfully request that this Court dismiss the Appeal with prejudice, as the Parties have now resolved all outstanding issues with respect to the Adversary Proceeding (as documented in the Agreement for Judgment), and have further agreed that each Party shall bear its own costs arising out of or related to the Appeal.

## RELIEF REQUESTED AND BASIS FOR RELIEF

13. In accordance with Local Rule 42(b), through this Motion to Dismiss the Parties respectfully request that the Court dismiss the Appeal with prejudice. Local Rule 42(b), which governs voluntary dismissal in cases before this Court, provides that "[t]he circuit clerk may dismiss a docketed appeal if the parties file a signed dismissal agreement specifying how costs are to be paid and pay any fees

that are due." See Loc. R. 42(b). Local Rule 42(b) further provides that "[a]n appeal may be dismissed . . . on terms agreed to by the parties or fixed by the court." Id.

14.    Bankruptcy Rule 7041, which governs the dismissal of adversary proceedings, provides that FED. R. CIV. P. 41 "applies in adversary proceedings." FED. R. BANKR. P. 7041. FED. R. CIV. P. 41(a)(1)(A)(ii) provides in relevant part that "the plaintiff may dismiss an action . . . by filing . . . a stipulation of dismissal signed by all parties who have appeared." FED. R. CIV. P. 41(a)(1)(A)(ii).

15.    The Parties submit that the Joint Agreement for Dismissal attached hereto as **Exhibit A** constitutes a "stipulation of dismissal signed by all parties who have appeared" in this Appeal for purposes of Bankruptcy Rule 7041. See FED. R. BANKR. P. 7041. As set forth in the Joint Agreement for Dismissal, the Parties have consensually resolved all outstanding issues with respect to the Adversary Proceeding. The Bankruptcy Court Order approved the Agreement for Judgment and vacates the Bankruptcy Court Decision. Through the Agreement for Judgment, ECMC has acknowledged that "(a) the repayment of the Student Loans constitutes an "undue hardship" under Bankruptcy Code Section 523(a)(8); and (b) all of the Student Loans shall be deemed discharged pursuant to Bankruptcy Code Section 523(a)(8)." Agreement for Judgment, ¶ 8. Accordingly, the pursuance of Appellant's Appeal is inconsistent with the provisions of the Bankruptcy Court

Order, and the Appeal should be dismissed as moot. See <u>Maher v. Hyde</u>, 272 F.3d 83, 86 (1st Cir. 2001) (quoting <u>Cruz v. Farquharson</u>, 252 F.3d 530, 533 (1st Cir. 2001)) ("When a case is moot -- that is, when the issues presented are no longer live or when the parties lack a generally cognizable interest in the outcome -- a case or controversy ceases to exist, and dismissal of the action is compulsory.").

## CONCLUSION

WHEREFORE, the Parties respectfully request that this Court (i) enter an Order substantially in the form of **Exhibit B** attached hereto granting this Motion to Dismiss; and (ii) grant such other and further relief as is just and proper.

Respectfully submitted,

/s/ Steven D. Pohl
_____
Steven D. Pohl, Esq. (BBO #555324)
Attorney for Appellant Robert E. Murphy
First Circuit Bar No.: 73801

Brown Rudnick LLP
One Financial Center
Boston, Massachusetts 02111
Telephone: (617) 856-8200
Facsimile: (617) 856-8201
spohl@brownrudnick.com

-and-

/s/ Adam C. Trampe
_____
Adam C. Trampe, Esq. (MN #349240)
Attorney for Appellee Educational Credit Management Corp.
First Circuit Bar No.: 1151153

Educational Credit Management Corp.
1 Imation Place
Bldg. 2
Oakdale, MN 55128
Telephone: (651) 325-3308
atrampe@ecmc.org

Dated: June 6, 2016